UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:
09-20664-CIV-MORENO

GENESIS PHARMACEUTICALS
ENTERPRISES, INC. f/k/a GENESIS
TECHNOLOGY GROUP, INC.,

    Petitioner,

vs.

CRG PARTNERS, INC. and CAPITAL
RESEARCH GROUP, INC.,

    Respondents.
_____/



## ORDER DENYING MOTION TO VACATE ARBITRATION AWARD

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, Petitioner Genesis Pharmaceuticals Enterprises, Inc. asks the Court to vacate an arbitration award issued by a panel of arbitrators at the American Arbitration Association. Respondents Capital Research Group, Inc. and CRG Partners, Inc. argue that the Court does not have subject matter jurisdiction to hear this Petition, and alternatively, that the Court should uphold the award of $980,870.50 in their favor. As an initial matter, the Court is doubtful that it has subject matter jurisdiction to hear the merits of Genesis' petition. Even assuming *arguendo* that the Court has jurisdiction, the Court still must deny Genesis' petition to vacate the arbitration award.

### BACKGROUND

Genesis is a Florida-based pharmaceutical company that went public through a reverse merger with Genesis Technology Group, Inc. CRG and CRG Partners are promotion companies who signed

three consulting agreements with Genesis Technology between April 25, 2005 and July 23, 2007 to promote the newly merged Genesis Technology's stock. Pursuant to the contracts, CRG and CRG Partners solicited investors and funding sources for Genesis related to the merger with Genesis Technology. The source of the instant dispute between the parties is paragraph 11 of the Consulting Agreement, which states in relevant part:

> Client shall also arrange for one or more third parties to transfer 10% of any newly registered or issued securities of the clients company within the term of this Agreement in the form of fully paid non-assessable free trading shares within 5 business days of registration or issuance...

(D.E. No. 1, Ex. A at ¶11). CRG and CRG Partners argued to the arbitration panel that this language entitled them to 10% of the additional stock that they helped secure for issuance by Genesis. Genesis responded that this transaction-based compensation was illegal and otherwise void because CRG and CRG Partners were not registered "broker dealers" as defined by section 78c of the Securities and Exchange Act of 1934. After hearing argument from Respondents as to why the panel should enforce the consulting agreements, and argument from Petitioner as to why payment of this additional compensation would violate federal and state securities laws, the arbitration panel awarded CRG and CRG Partners $980,870.50.

## DISCUSSION

I.   **Subject Matter Jurisdiction**

Section 10 of the FAA permits courts to vacate an arbitration award, while section 9 allows for courts to confirm an award.[1] Neither sections grants subject matter jurisdiction to the Court.

---

[1]Section 10 states in relevant part that "the United States court in and for the district wherein the award was made may make an order vacating [an arbitration] award." 9 U.S.C. § 10. Section 9 states that "[i]f the parties in their agreement have agreed...then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award."

*Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1470 (11th Cir. 1997). Instead, the petitioner must show an independent basis for federal jurisdiction. *Id.* at 1469; *Kaplan v. Dean Witter Reynolds, Inc.*, 896 F. Supp. 1219 (S.D. Fla. 1995). Genesis' petition states that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because the arbitration award forces Genesis to violate federal securities laws. Specifically, Genesis alleges that the arbitration panel "showed a manifest disregard for federal securities law" in rendering its decision in favor of Respondents. (Genesis Pet. at ¶5). Respondents filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the petition merely challenges the arbitrators' conduct without raising a question of federal law.

A.   **Legal Standard**

The fact that the underlying arbitration implicates questions of federal law is insufficient to confer subject matter jurisdiction over the petition for vacatur. *See Kaplan*, 896 F. Supp. at 1219-1220. Instead, the Court must find its jurisdiction from the language of the petition. *Baltin*, at 1472. Federal question jurisdiction exists when the "well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* Where the petition seeks to vacate an arbitration award based on the arbitrator's manifest disregard for federal law, courts have accepted jurisdiction to hear the merits of the petition. *See e.g. Montes v. Shearson Lehman Brothers*, Inc., 128 F.3d 1456 (11th Cir. 1997) (reviewing merits of petition to vacate arbitration award where appellant alleged manifest disregard of Fair Labor Standards Act); *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir. 2000) ("Where the petitioner seeks vacatur chiefly on the ground of manifest disregard

of federal law, a federal question is plainly presented.").[2] As the Second Circuit reasoned in *Greenberg*, an alleged manifest disregard of federal law triggers a "process [that] so immerses the federal court in questions of federal law and their proper application that...subject matter jurisdiction is present." 220 F.3d at 27.

## B.     Analysis

Looking only at the face of Genesis' petition, the Court is doubtful that it has subject matter jurisdiction to rule on the merits. Genesis argues that the arbitrators manifestly disregarded federal securities law when ruling in favor of Respondents. Specifically, the award obligates Genesis to pay unregistered broker-dealers with transaction-based compensation in violation of 15 U.S.C. §§ 78c, 78o, and 78cc. Respondents counter that this argument simply re-casts the same arguments that Genesis presented to the arbitration panel. If Respondents are correct, then the Court does not have subject matter jurisdiction because federal question jurisdiction must not be based on the underlying claims argued at arbitration. *See Kaplan*, at 1219-1220. Indeed, it appears from the pleadings that Genesis argued that its contract with Respondents would require it to violate federal securities laws. Any award in favor of Respondents, Genesis argued to the arbitrators, would ask Genesis to commit an illegal act.

Genesis' proffered jurisdictional basis for the Court to rule on the merits of its petition appears to be the same argument that it raised to the arbitrators. In effect, Genesis asks this Court to review the arbitration panel's interpretation of federal law. The Court is therefore doubtful that it has subject matter jurisdiction to hear the merits of the petition. But out of an abundance of caution, the Court

---

[2]*See also Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111-12 (9th Cir. 2004) (following the Second Circuit's reasoning in *Greenberg*).

turns to the merits of Genesis' petition.

## II. The Arbitration Award Should Remain Undisturbed

As an initial matter, Genesis brings its petition to vacate the arbitration award pursuant to the FAA. (Genesis Pet. at ¶1); 9 U.S.C. § 1, *et seq.* In its petition, Genesis argues: (1) the arbitration panel exceeded its powers when it ordered Genesis to pay Respondents transaction-based compensation; (2) the arbitrators manifestly disregarded federal securities laws; and (3) the award violates public policy by forcing Genesis to commit an illegal act. First, Genesis is limited to arguing only the statutory grounds for vacatur pursuant to § 10 of the FAA. *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396 (2008) (holding that the grounds for vacatur in § 10 are exclusive). Separately, the Court could not base vacatur on the nonstatutory grounds because the parties previously agreed to a lump sum award. In such cases, the Court can only consider nonstatutory grounds if the petitioner shows that the award lacks any rational basis. *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 779 (11th Cir. 1993). Indeed, the Court finds that the arbitration panel seriously considered Genesis' legal arguments before rendering its decision. Accordingly, the Court may only consider Genesis' alleged statutory basis for vacatur that the arbitrators exceeded their authority. *Id.* As implied above, the Court finds no evidence that the arbitrators did anything more than apply the governing laws to the facts presented by the parties. And keeping with its duty pursuant to the FAA and Eleventh Circuit precedent to conduct only a limited review of the award, the Court finds that the petition to vacate the arbitration award should be denied. *See Davis v. Prudential Sec. Inc.*, 59 F.3d 1186, 1190 (11th Cir. 1995).

### A. Statutory vs. Nonstatutory Grounds for Vacatur

It is well settled that judicial review of an arbitration award under the FAA is "narrowly limited." *Davis*, 59 F.3d at 1190. Indeed, "federal courts should defer to an arbitrator's decision whenever possible." *Kostoff v. Fleet Secs., Inc.*, 506 F. Supp. 2d 1150, 1155 (M.D. Fla. 2007) (citing *B.L. Harbet Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905 (11th Cir. 2006)). The FAA provides four statutory grounds for a district court to vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evidence of partiality or corruption among the arbitrators; (3) where the arbitrators were guilty of misconduct in enforcing arbitration procedures; or (4) where the arbitrators exceeded their powers such that a final and definite award could not be made. *Kostoff*, 506 F. Supp. 2d at 1155 (citing 9 U.S.C. § 10(a)). In addition, the Eleventh Circuit has allowed three nonstatutory grounds to vacate an arbitration award: (1) where the award is arbitrary and capricious; (2) where enforcement of the award is contrary to public policy; or (3) where the award was made in manifest disregard for the law. *Peebles v. Merrill Lynch*, 431 F.3d 1320, 1326 (11th Cir. 2005).

Addressing these latter three nonstatutory bases for vacatur under the FAA, the Supreme Court limited the grounds for vacatur to those statutory grounds enumerated in § 10. *Hall Street*, 128 S. Ct. at 1403.[3] In *Hall Street*, the parties signed an arbitration agreement allowing the district court to consider nonstatutory grounds to vacate, modify, or correct the award where the arbitrators' findings of fact or law were erroneous. *Id.* at 1401. The Supreme Court granted certiorari to decide whether §§ 10 and 11 of the FAA are exclusive grounds for vacatur of an arbitration award. *Id.* Indeed, the Court answered this question in the affirmative. *Id.*

---

[3] It should be noted that a court may review an arbitration award pursuant to some other statutory or common law scheme. 128 S. Ct. at 1406-1407. In other words, the Supreme Court's holding is limited to petitions for vacatur brought pursuant to the FAA. *Id.* at 1407.

### i. *Vacatur of An Award after Hall Street*

After *Hall Street*, there has been some disagreement among lower courts as to the continued viability of "nonstatutory" grounds for vacatur. Without guidance from the Eleventh Circuit since *Hall Street*, the Court looks to persuasive authority to assist in its analysis of Genesis' nonstatutory bases for vacatur. Turning first to the Southern District of Florida, at least one other court read *Hall Street* to eliminate all nonstatutory bases for vacatur pursuant to the FAA. *Rodriguez Greenberg & Paul, LLP v. Arminak*, 583 F. Supp. 2d 1288, 1290 (S.D. Fla. 2008). There, the defendant asserted the nonstatutory ground for vacatur that the award violated public policy. In finding that the defendant's petition for vacatur was brought pursuant to the FAA, the court applied *Hall Street* to find that it would not consider this ground. In dicta, another court cited *Hall Street* for the proposition that the "enumerated statutory grounds for vacatur...[are] exclusive." *United States v. Barlow*, 576 F. Supp. 2d 1375, 1381 (S.D. Fla. 2008).

Looking next to our sister Circuits, there has been some variation in the interpretation of *Hall Street*. For example, the Fifth Circuit reads *Hall Street* to abolish all nonstatutory grounds for vacatur in a petition brought pursuant to the FAA. *See Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). In *Citigroup*, the court rejected "manifest disregard as an independent ground for vacatur" based on *Hall Street*. *Id.* at 353. At the other extreme however, the Sixth Circuit narrowly construed *Hall Street* to prohibit nonstatutory grounds for vacatur that have been contractually agreed upon by the parties. *See Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 Fed. Appx. 415, 418-19 (6th Cir. 2008) (unpublished); *See also Grain v. Trinity Health, Mercy Health Servs., Inc.*, 551 F.3d 374, 380 (6th Cir. 2008) (finding that *Hall Street* merely "casts some doubt on the continuing vitality" of the nonstatutory ground of "manifest disregard of the law"). Offering another

alternative, the Second and Ninth Circuits read § 10(a)(4) to include "manifest disregard" as part of the enumerated basis for vacatur that the arbitrator cannot exceed his authority. *See Stolt-Nielsen SA v. Animal Feeds Int'l Corp.*, 548 F.3d 85, 93-94 (2d Cir. 2008) (holding that "manifest disregard" would no longer be considered a nonstatutory basis for vacatur, but instead it would be considered within § 10); *Comedy Club Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (stating that manifest disregard is "shorthand for a statutory ground under the FAA, 9 U.S.C. § 10(a)(4)"). These Circuits' interpretation is based on the Supreme Court's statement in *Hall Street* that perhaps, "as some courts have thought, 'manifest disregard' may have been shorthand for § 10(a)(3) or § 10(a)(4)." 128 S. Ct. at 1404. The Court also considered whether "manifest disregard" was meant to name a new ground for review, or even to refer to the § 10 grounds collectively. *Id.*

        ii.    *Genesis is Limited to the Four Statutory Grounds for Vacatur*

Without any guidance from the Eleventh Circuit since *Hall Street*, this Court opts to follow its colleagues in this district and Fifth Circuit's interpretation in *Citigroup*. When the Supreme Court held that the bases for vacatur enumerated in § 10 are exclusive, it meant it. *Hall Street*, at 1401. Thus, the Court finds that Genesis may not argue the nonstatutory grounds for vacatur that the award manifestly disregards federal law and violates public policy. Genesis may only proceed with its statutory argument for vacatur that the arbitrators exceeded their authority.

**B.    The Rational Basis for the Lump Sum Award Also Limits Genesis to § 10**

Where the parties agree to a lump-sum arbitration award without any rationale from the arbitrators, the "onus is on the party requesting vacatur to refute every rational basis upon which the arbitrator could have relied." *Brown*, 994 F.2d at 779 (internal quotations omitted). If the Court finds a "proper basis" for the award, the petitioner may not argue the nonstatutory bases for vacatur and is

left with the four enumerated grounds in § 10. *Id.*; *Roberson v. Charles Schwab & Co., Inc.*, 339 F. Supp. 2d 1337, 1340 (S.D. Fla. 2003).

Genesis fails to "refute every rational basis" for the award in this case. *Id.* While the petition argues that the arbitrators disregarded federal law, this allegation is insufficient for the Court to find that the award lacks a rational basis. Genesis does not refute the likelihood that the arbitrators based their decision on their application of the securities laws to the facts presented by the parties. Even if the arbitrators misapplied federal securities laws to the facts, the Court still could not vacate the award. *Roberson*, at 1340 (a misinterpretation of federal law does not warrant vacatur of an arbitration award). Accordingly, Genesis is limited to its statutory argument that the arbitrators exceeded their authority.

### C. The Arbitrators did not Exceed Their Authority

Arbitrators derive their authority from the arbitration agreement's provisions that appoint the arbitrators, and from the issue presented to the arbitrators by the parties. *Cunningham v. Pfizer, Inc.*, 294 F. Supp. 2d 1329, 1332 (M.D. Fla. 2003) (citing *Szuts v. Dean Witter Reynolds, Inc.*, 931 F.2d 830, 831 (11th Cir. 1991)). After the parties submit an issue to arbitration, a district court reviews the agreement and the issue upon which the panel ruled in order to determine whether a violation of § 10(a)(4) occurred. *Cunningham*, 931 F. Supp. 2d at 1332. The Court will only find a violation of § 10(a)(4) if the arbitrators ruled on other issues beyond those presented to the panel, or if the ruling extends beyond the scope of the arbitration agreement. *Id.*

Genesis argues that the arbitrators exceeded their authority by requiring Genesis to pay transaction-based compensation to unregistered broker-dealers in violation of federal securities laws. But this argument refers to the exact issue that Genesis raised with the panel. Now, Genesis merely

challenges the arbitrators' interpretation of federal securities laws in finding that Respondents did not act as "broker dealers." *See* 15 U.S.C. §§ 78c, 78cc. Even if the Court were to find that the arbitration panel erred in this finding, a misapplication of federal law does not mean that the arbitrators exceeded their authority. *See Roberson*, 339 F. Supp. 2d at 1342. In fact, the Court is prohibited from vacating an award based on "errors of law or interpretation." *Id.* The Court therefore finds that the arbitrators acted within their authority.

## CONCLUSION

While the Court is doubtful that it has jurisdiction to hear Genesis' petition to vacate the arbitration award, it nonetheless finds that the petition is DENIED on the merits. The Court will not consider Genesis's nonstatutory bases for vacatur that the arbitrators manifestly disregarded federal securities laws and that the award offends public policy. As to Genesis' lone statutory ground under § 10 that the arbitrators exceeded their authority, the Court finds this argument meritless.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of June, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record